IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ALEXANDER WILLIAMS,**
**ADC #101556**                                                                                                **PLAINTIFF**

**V.**                           **CASE NO. 4:17-CV-00673 JLH/BD**

**TURNER, et al.**                                                                                           **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objections.

Your objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.    Discussion:**

Plaintiff Alexander Williams, an inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this lawsuit pro se and is proceeding *in forma pauperis*. (Docket entries #1, #2) Mr. Williams complains that

Defendants assigned him to administrative segregation for 90 days for threatening a deputy without affording him due process. (#2)

A prisoner has a right to procedural due process only if he has a liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Under settled law, Mr. Williams's punishment is not deemed serious enough to trigger a liberty interest. See *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)(prisoners do not have a liberty interest in being housed in or transferred to a particular prison unit); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). For that reason, his allegations, even if true, do not state a violation of a federally protected right.

### III.    Conclusion:

The Court recommends that Mr. Williams's claims against the Defendants be DISMISSED, without prejudice. This should count as a strike for purposes of the Prison Litigation Reform Act.

DATED this 19th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE